**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Amina A.M.,

              Plaintiff,

v.

Frank J. Bisignano,[1]
Commissioner of Social Security,

              Defendant.

Case No. 22-cv-00840 (ECW)

**ORDER**

This case is before the Court on Plaintiff's Motion for Attorney Fees Pursuant to

Section 206(b) of the Social Security Act, 42 U.S.C. §406(b)(1).  (Dkt. 35.)  Plaintiff

seeks attorneys' fees in the amount of $9,466.75 related to a contingency fee agreement

between Plaintiff and her legal counsel.  (*Id.* at 1; *see also* Dkt. 36-3.)    For the reasons

stated below, the Motion is granted.

## I.    BACKGROUND

On April 6, 2022, Plaintiff filed this case seeking judicial review of a final

decision by Defendant denying her application for Disability Insurance Benefits.  (Dkt.

1.)  On August 14, 2023, this Court remanded this case back to Defendant ("the

---

[1]    The Complaint named Kilolo Kijakazi, who was the Acting Commissioner of the Social Security Administration when Plaintiff filed his Complaint.  (*See* Dkt. 1.)  Frank Bisignano became the Commissioner of Social Security on May 7, 2025.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted as the Defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Commissioner" or "the Government") pursuant to sentence four of 42 U.S.C. § 405(g). (Dkt. 22.)  On remand, Plaintiff was awarded benefits, including past benefits.  (Dkt. 35 at 1; Dkt. 36-1.)

On December 1, 2023, this Court granted Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and awarded fees in the amount of $7,068.67.  (Dkt. 34).

On January 26, 2026, Plaintiff received a notice that the Social Security Administration ("the SSA") withheld twenty-five percent of the past-due benefits awarded to Plaintiff for legal expenses in the event the SSA needed to pay that amount to Plaintiff's representative.  (Dkt. 35 at 1; Dkt. 36-1 at 1.)  The withheld amount was $9,466.75.  (*Id.*)

On February 9, 2026, Plaintiff's counsel filed the present Motion, seeking $9,466.75 in attorney's fees under 42 U.S.C. § 406(b).  (Dkt. 35 at 1.)  The Commissioner did not file a response to the Motion.  Plaintiff represents that the parties met and conferred, and "Defendant does not take a position either for or against counsel's request for attorney's fees."  (Dkt. 37 at 1.)

## II.    ANALYSIS

### A.    Legal Standard

The relevant statute, 42 U.S.C. § 406(b)(1), provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and

the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1).

The Supreme Court has recognized that the Social Security Act has no "design to prohibit or discourage attorneys and claimants from entering into contingent-fee agreements." *Gisbrecht v. Barnhart*, 535 U.S. 789, 791 (2002). Instead, a court must independently determine whether attorney's fees sought under such an agreement are reasonable. *See id.* at 808. Contingency agreements are unenforceable when they require fees in excess of 25 percent of the past-due benefits, and when "[w]ithin the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807 (citing 42 U.S.C. § 406(b)). "[T]he award set by the contingency agreement must be the anchor of the court's reasonableness analysis under § 406(b)." *Kertz v. Colvin*, 125 F.4th 1218, 1221 (8th Cir. 2025) (citation modified).

In looking at whether the amount of a contingency award is reasonable, a court may also be aided by the number of hours spent by counsel, an attorney's normal billing rate, any delay caused by counsel, and the character of the representation—i.e., the results yielded by the representation. *Id.* at 1220; see also *Shane T. v. Saul*, Civ. No. 18-634 (BRT), 2020 WL 5743075, at *1 (D. Minn. Sept. 25, 2020) ("A reduced fee may be appropriate where the legal representation was substandard, counsel was responsible for

delay that increased the fund from which the fee was payable, or if benefits were large in comparison to the amount of time counsel spent on the case.") (citing *Gisbrecht*, 535 U.S. at 808).  When a court awards attorney's fees to a plaintiff under the EAJA and awards fees to the plaintiff's attorney under Section 406(b), the attorney must refund the amount of the smaller received fee to the plaintiff.  *Gisbrecht*, 535 U.S. at 789; *see also Shane T.*, 2020 WL 5743075, at *2.

**B.     Reasonableness of Fees and Costs**

Here, Plaintiff's attorney fee agreement states in relevant part:

> If the federal court case is successful, [Plaintiff's counsel] will apply for fees under the Equal Access to Justice Act (EAJA) which (if awarded by the Court) means that the government will bear the fees for having to present my case in federal court; since the check for those fees will in most cases be made out to me, *I hereby assign my rights in any fees payable to me under the EAJA to my attorneys at OBL. I do not pay any attorney fee UNLESS my federal court case is decided in my favor.*
>
> If a federal appeal is successful and I am awarded benefits after my new hearing, I agree to pay a fee of 25% of my past due benefits, even if that amount is greater than the amount set forth in 42 U.S.C. 406(a)(2) (that is, more than $6,000). In that event, my attorney would be required to submit a petition for fees to the Social Security Administration and/or Federal Court.

(Dkt. 36-2 at 1.)

As stated above, the SSA withheld approximately $9,466.75 (25%) from Plaintiff's past-due benefits to pay attorney fees.  (Dkt. 35 at 1; Dkt. 36-1 at 1.)  While the total amount of Plaintiff's past-due benefits is not in the record before the Court, no party disputes that $9,466.75 is twenty-five percent of that amount.  Plaintiff asks the Court to award fees in that amount and represents that the prior EAJA award of

$7,068.67 will be returned to Plaintiff in the event that the Court grants this Motion. (Dkt. 35 at 5.)

Plaintiff's counsel represent that they spent 40.9 hours of attorney time on behalf of Plaintiff.  (Dkt. 35 at 4, Dkt. 36-3 at 2.)  An award of $9,466.75 for this amount of work would amount to an hourly rate of $231.46.  Plaintiff's counsel represents that their "typical noncontingent hourly rate for work of a like nature is $400.00 per hour."  (Dkt. 35 at 4.)

The Court finds that an hourly rate of $231.46 is reasonable in this case.  *See Matthew L. v. O'Malley*, No. 21-CV-1009 (JFD), 2024 WL 1694839, at *2 (D. Minn. Apr. 19, 2024) (approving effective rate of $1,250/hour but noting that it was "on the high end of what courts in this District have found reasonable").  Considering that Plaintiff's attorneys' legal representation resulted in a disability benefit award in a contested case (as opposed to a stipulated remand); there is no indication counsel were responsible for any delay; and counsel spent a reasonable amount of time on the case, the Court finds no reason here to reduce the award based on the hourly rate of $231.46.  *See Jones v. Berryhill*, 699 F. App'x 587, 588 (8th Cir. 2017) (citing *Gisbrecht*, 535 U.S. at 807-808); *Shane T.*, 2020 WL 5743075, at *1 ("A reduced fee may be appropriate where the legal representation was substandard, counsel was responsible for delay that increased the fund from which the fee was payable, or if benefits were large in comparison to the amount of time counsel spent on the case.") (citing *Gisbrecht*, 535 U.S. at 808). Accordingly, the Court concludes that an award of $9,466.75 is reasonable in this case.

## III.    ORDER

Based on the above, and on the files, records, and proceedings herein, **IT IS**

**ORDERED THAT:**

1.    Plaintiff's Motion for Attorney Fees Pursuant to Section § 206(b) of the Act

(Dkt. 35) is **GRANTED**;

2.    The Court authorizes a payment to Karl E. Osterhout, Esquire, in the

amount of **$9,466.75** in attorney's fees being withheld from Plaintiff's past-due benefits

for court related services; and

3.    Upon receipt of this sum, counsel for Plaintiff shall remit **$7,068.67** directly

to Plaintiff, representing the sum already paid to counsel on Plaintiff's behalf pursuant to

the Equal Access to Justice Act, 28 U.S.C. § 2412.


Date:  February 13, 2026              *s/Elizabeth Cowan Wright*
                                      ELIZABETH COWAN WRIGHT
                                      United States Magistrate Judge